AO 245B (CASD) (Rev. 8/11) Judgment in a Criminal Case with Probation
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Amir Bahador -2 | Case Number: 12-cr-05229-JAH-2 |
| | Lisa J Damiani |
| | Defendant's Attorney |

**REGISTRATION NO.** 02493198

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) One of the Superseding Information.

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18:371 | Conspiracy to Commit Offenses Against the United States | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) remaining _____ is ☐ are ☒ dismissed on the motion of the United States.
☒ Assessment: $100.00.

☒ See fine page     ☒ Forfeiture pursuant to order filed   8/28/14  , included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

November 3, 2014
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

12-cr-05229-JAH-2

AO 245B (CASD) (Rev. 8/11) Judgment in a Criminal Case with Probation
Sheet 2 -- Probation

Judgment—Page 2 of 4

DEFENDANT: Amir Bahador -2
CASE NUMBER: 12-cr-05229-JAH-2

## PROBATION

The defendant is hereby sentenced to probation for a term of:

Five years.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

12-cr-05229-JAH-2

AO 245B (CASD) (Rev. 8/11) Judgment in a Criminal Case with Probation
Sheet 3 — Special Conditions

DEFENDANT: Amir Bahador -2
CASE NUMBER: 12-cr-05229-JAH-2

Judgment—Page 3 of 4

## SPECIAL CONDITIONS OF SUPERVISION

☐ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within ____ days.

☒ Complete 200 hours of community service in a program approved by the probation officer within first two years of supervision.

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☒ Submit your person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Comply with the conditions of the Home Confinement Program for a period of 12 months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device (GPS passive), and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

12-cr-05229-JAH-2

AO 245S     Judgment in Criminal Case
              Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __4__

DEFENDANT: Amir Bahador
CASE NUMBER: 12CR5229-JAH-2

# FINE

The defendant shall pay a fine in the amount of ___$10,000.00___ unto the United States of America.

This sum shall be paid    ___ immediately.
                               _x_ as follows:

Pay a fine in the amount of $10,000 through the Clerk, U. S. District Court. Payment of fine shall be forthwith. The defendant shall pay the fine during his probation at the rate of $200 per month as directed by the Probation Officer. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the fine judgment at any time. Until fine has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

The Court has determined that the defendant __does not__ have the ability to pay interest. It is ordered that:

_x_ The interest requirement is waived.

___ The interest is modified as follows:

12CR5229-JAH-2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 12cr5229-JAH |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| AMIR BAHADOR (2), | |
| Defendant. | |

WHEREAS, in the Indictment, Bill of Particulars and Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, AMIR BAHADOR (2) ("Defendant"), pursuant to Title 31, United States Code, Section 5317(c), as properties involved in a violation of Title 18, United States Code, Section 371, by structuring currency transactions with financial institutions and other trades or businesses for the purpose of evading the reporting requirements of sections 5313 and/or 5331 of Title 31, United States Code, and the regulations promulgated thereunder in violation of Title 31, United States Code, Section 5324, or property traceable to such property, as charged in the Superseding Information; and

WHEREAS, on or about June 12, 2014, Defendant pled guilty before Magistrate Judge David H. Bartick to the Superseding Information, which plea

//

included consents to the forfeiture allegation of the Superseding Information, including forfeiture of the following:

1. $23,305.22 seized from Bank of America Account #XXx1366 in the name of CHOSEN 1, LLC;

2. $96,127.13 seized from Comerica Bank Account #1894632601 in the name of Autobaun;

3. $2,459 in cash found at 864 Loring St., San Diego, California;

4. 10, 1-ounce gold coins found is Safe Deposit Box #43 at Comerica Bank in the name of J. BRIAN INVESTMENTS, INC dba AUTOHAUS; and

WHEREAS, on August 28, 2014, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 31 U.S.C. § 5317(c), 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant AMIR BAHADOR (2) in the following properties are hereby

//

1 forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    1. $23,305.22 seized from Bank of America Account #XXx1366 in the name of CHOSEN 1, LLC;

    2. $96,127.13 seized from Comerica Bank Account #1894632601 in the name of Autobaun;

    3. $2,459 in cash found at 864 Loring St., San Diego, California;

    4. 10, 1-ounce gold coins found is Safe Deposit Box #43 at Comerica Bank in the name of J. BRIAN INVESTMENTS, INC dba AUTOHAUS.

2. The aforementioned forfeited assets are to be held by the United States Internal Revenue Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and

//

1  extent of the petitioner's right, title or interest in the forfeited property and any
2  additional facts supporting the petitioner's claim and the relief sought.

3  6. The United States may also, to the extent practicable, provide direct
4  written notice to any person known to have alleged an interest in the properties that
5  are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for
6  published notice as to those persons so notified.

7  7. Upon adjudication of all third-party interests, this Court will enter an
8  Amended Order of Forfeiture pursuant to 31 U.S.C. § 5317(c) and 21 U.S.C. § 853(n)
9  as to the aforementioned assets, in which all interests will be addressed.

10  8. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final
11  as to the Defendant at the time of sentencing and is part of the sentence and included
12  in the judgment.

13  DATED: August 28, 2014

*[signature]*
JOHN A. HOUSTON, Judge
United States District Court